UNITED STATES DISTRICT AND BANKRUPTCY
COURTS OF THE DISTRICT OF COLUMBIA

DONATOS SARRAS
  PLAINTIFF
    VS.                                    CASE NO.: 19-CV-861 (CRC)
US DOJ, CRIMINAL DIVISION
  DEFENDANT
_____/

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SECOND RENEWED MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION FOR SUMMARY JUDGMENT

COMES NOW Mr. DONATOS SARRAS ("PLAINTIFF") PRO SE AND PER FEDERAL RULE OF CIVIL PROCEDURE 56 AND THIS HONORABLE COURT'S 3/15/24 MINUTE ORDER, RESPECTFULLY FILES HIS RESPONSE IN OPPOSITION TO "DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT" (DOC. 93) AND HIS CROSS-MOTION FOR SUMMARY JUDGMENT AND STATES THE FOLLOWING:

1. PLAINTIFF RECEIVED DEFENDANT'S MOTION WITH ATTACHMENTS ON 3/20/24 VIA US PRIORITY MAIL. BECAUSE THE PARCEL WAS NOT CERTIFIED, BOP DID NOT PROCESS IT AS SPECIAL MAIL TO HAVE PLAINTIFF SIGN FOR IT.

**RECEIVED**
APR 2 2 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2. Defendant's motion contains two documents titled "Revised Supplemental Vaughn Index". See Doc. 93-1 PACER pages 10-36 and Doc. 93-2 PACER pages 2-28. The Vaughn Index located at Doc. 93-1 is an attachment to the Declaration of Christina Butler, Chief of the FOIA/PA Unit in the Office of Enforcement Operations and is dated 2/16/24. The Vaughn Index located at Doc. 93-2 is dated 2/9/24. Wherefore Plaintiff refers to the Revised Supplemental Vaughn Index attached to Ms. Butler's Declaration (Doc. 93-1 PACER pages 10-36).

3. Defendant paginated and produced to Plaintiff in February 2024, the records previously released without pagination on 12/22/21, 2/16/22 and 4/18/22, allowing Plaintiff to properly review and evaluate them.

4. For the reasons presented below, Plaintiff opposes Defendant's request for summary judgment and requests the Court enter summary judgment in favor of Plaintiff.

A. The December 2021 Records.
Defendant has improperly withheld records/reports from Plaintiff. Also, Defendant has not presented adequate information regarding the records/reports it redacted and produced to Plaintiff.

According to Defendant, it located 5,750 pages of reports in which the terms "Donatos" or "Sarras" were found. Doc. 72-1 PACER page 10 ¶¶ 30-31. Setting aside whether a responsive record/report must be produced in its entirety (after the application of proper FOIA exemptions) it is now clear that Defendant released only a total of 87 pages of

"REPORTS" AFTER APPLYING FOIA EXEMPTIONS OR THE "NON-RESPONSIVE" LABEL. YET NONE OF THE SUBMITTED VAUGHN INDEXES ACCOUNTS FOR THE MISSING 5,663 PAGES OF REPORTS. ALSO, OTHER THAN A "DATE" MENTIONED FOR EACH OF THE REPORTS IN THE REVISED SUPPLEMENTAL VAUGHN INDEX, INFORMATION SUCH AS THE TITLE/TYPE OF EACH REPORT (e.g., "WEEKLY", "PENDING", etc.), THE NAMES OF THE AUTHOR(S) AND RECEIPIENT(S) OF THE REPORT, THE NUMBER OF PAGES IN THE REPORT, etc., ARE MISSING. AND THE "DATE" MENTIONED FOR EACH REPORT IN THE REVISED SUPPLEMENTAL VAUGHN INDEX CANNOT BE VERIFIED ON THE ACTUAL PAGES DEFENDANT HAS RELEASED AS "REPORTS" TO PLAINTIFF. FOR EXAMPLE, REPORT/PAGE 2 HAS A DATE OF "5/12/2016" IN THE VAUGHN INDEX, DOC. 93-1 PACER PAGE 12 "PAGE No. 2". NOW TRY TO FIND/LOCATE THAT DATE ON THE SUBMITTED COPY OF PAGE 2 (EXHIBIT SJ3.1). IT IS NOT POSSIBLE. THE SAME IS THE CASE WITH PAGE Nos. 2-3, 7-10, 27-32, 40, 55, 58, 63 AND 96.

THE PARADOX IS THAT IF A "REPORT" WAS RELEASED IN "FULL", THE DATE ASSOCIATED WITH THE "REPORT" IS UNKNOWN -- THE INFORMATION IS WITHHELD. FOR EXAMPLE, REPORT/PAGE 1 (EXH. SJ3.1) WAS RELEASED IN "FULL" WITH THE "NON-RESPONSIVE" LABEL APPLIED TO IT SO DEFENDANT DID NOT INCLUDE IT IN THE REVISED SUPPLEMENTAL VAUGHN INDEX: ONE CAN ONLY SPECULATE ABOUT THE DATE "REPORT PAGE 1" WAS CREATED BECAUSE THE INFORMATION IS NOT ON IT AND BECAUSE THE "REPORT" IS NOT IN VAUGHN (WHERE DEFENDANT REPORTS DATES). THE SAME IS THE CASE WITH "REPORTS" PAGE Nos. 1, 5, 16-18, 20-26, 35-39, 47-54, 56-57, 59-62, 64-91 AND 97-100.

-3-

The issue with a record or information having been improperly redacted is also encountered with record/page Nos. 14-15. Doc. 93-1 Pacer page 13 "Page No. 14-15"; Exh. SJ3.1. Page Nos. 14-15 contain what appears to be a part (or portion) of an email chain (i.e., a message from "Johnson, Lashawn"). The Revised Supplemental Vaughn Index reports [Amanda] "Jones" and [Margaret] "Mathewson-Harris" as the recipients -- something, however, not observed on page Nos. 14-15.

Defendant has withheld responsive, non-exempt records or information. Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff on this issue.

B. THE FEBRUARY 2022 RECORDS.

In February 2024, Defendant re-introduced to Plaintiff the records initially released to him in February 2022. Plaintiff has now received 693 pages of records of which 202 are fully covered in black ink (rather than 284 in February 2022) and FOIA exemption (b)(5) has been lifted from some of them. Of the 202 fully redacted pages, 198 are marked as duplicates. The identity of some of the duplicate pages remains in question.

To identify the 198 duplicate pages, Defendant included notations in its Revised Supplemental Vaughn Index Doc. 93-1 Pacer page 5 ¶ 15. These notations are adequate for 27 pages of duplicate records, i.e., Doc. 93-1 Pacer pages 21-29 "Page Nos." "234", "248-252", "270", "271-273", "288-291" and "299-313". Defendant's notation for the rest 171 fully redacted

DUPLICATE PAGES IS "REFER TO BOP" AND POINTS TO ENTRIES IN DEFENDANT'S INITIAL VAUGHN INDEX DOC. 33-1 (RATHER THAN THE BOP VAUGHN INDEX AT DOC. 28-2). SEE NOTATIONS AT DOC. 93-1 PACER PAGES 16, 19, 22, 24, 26-27, 29 "PAGE Nos." "98", "208-226", "235-243", "253-255", "257-269", "276-287", "292-298" AND "587-693".

HOWEVER, IN THE INITIAL VAUGHN INDEX ALL THAT IS MENTIONED ABOUT THE AFOREMENTIONED RECORDS/PAGES IS "REFERRED TO BOP" AND NOTHING TO IDENTIFY THE RECORDS IN QUESTION. SEE DOC. 33-1 PACER PAGES 31-48, DOC.ID(s) 9, 14, 18, 19, 23, 25, 38, 42, AND 44.

DEFENDANT HAS FAILED TO JUSTIFY WITHHOLDING PAGE Nos. 98, 208-226, 235-243, 253-255, 257-269, 276-287, 292-298 AND 587-693, PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF ON THIS ISSUE.

C. THE APRIL 2022 RECORDS.
THE APRIL 2022 RECORDS ARE 92 PAGES IN TOTAL; AND NOW THEY ARE PAGINATED ALLOWING FOR THEIR PROPER EVALUATION. DOC. 93-1 PACER PAGES 29-38. PLAINTIFF HAS NO OBJECTIONS IN REGARDS TO PAGE Nos. 60-92.

THE QUESTION WHETHER DEFENDANT HAD APPLIED A "PER FBI" EXEMPTION TO DOCUMENTS THE FBI HAD NOT REVIEWED IS NOW ANSWERED. DOC. 87 AT 26 FOOTNOTE 19. ACCORDING TO THE SECOND SEIDEL DECLARATION THE FBI HAD NOT REVIEWED PAGE Nos. 1-2 AND 13-59 SO

-5-

Defendant "asserted [on] these [records] withholdings on the FBI's behalf without consultation" and "the FBI did not have an opportunity to defend these withholdings prior to filing" the Second Seidel Declaration. Doc. 93-3 Pacer page 2 ¶ 2 and footnotes 1 and 2. In January and March 2022, following Defendant's written requests, the FBI reviewed only page Nos. 3-12. id. And following FBI's written responses to Defendant, seven pages (page Nos. 3-9) were released in part and three pages (page Nos. 10-12) were withheld in full. Doc. 72-2 Pacer pages 3-4 ¶¶ 5-7.

The Second Seidel Declaration states that the FBI now has reviewed page Nos. 1-2 and 13-59. Doc. 93-3 Pacer page 2 footnote 2. However information about "when" Defendant requested FBI to review page Nos. 1-2 and 13-59 and "when" the FBI did so and responded to Defendant -- information available in regards to page Nos. 3-12 through the First Seidel Declaration -- is missing. Most importantly, Plaintiff objects to the application of exemptions (b)(5), (b)(6) and (b)(7)(c) and (b)(7)(E). Also Plaintiff objects to page Nos. 13-59 being withheld in full and to withholding other information about them.

(1) Exemption (b)(5)
Page No. 1 is a "Covert Cover Sheet". Following FBI's review of Page No. 1, Defendant modified its application of FOIA exemptions on Page No. 1. Doc. 93-1 Pacer page 7 ¶ 26; Exhibit SJ3.2. Exemption (b)(5) is used to withhold the

-6-

REASON FOR WHICH THE FBI WITHDREW ITS REQUEST TO EMPLOY A BODY WIRE AS PART OF AN INVESTIGATION INTO PLAINTIFF. ACCORDING TO THE FIRST McCOY DECLARATION, THE REDACTED INFORMATION IS REFLECTING "A RECOMMENDATION REGARDING THE REASON TO APPROVE THE FBI WITHDRAWAL REQUEST". DOC. 72-1 PACER PAGES 17-18 ¶. 46. SETTING ASIDE THAT "A RECOMMENDATION REGARDING A REASON TO APPROVE A REQUEST" IS NOT "A RECOMMENDATION REGARDING WHETHER TO APPROVE A REQUEST", THE FIRST McCOY DECLARATION HAS TRANSMUTATED FBI'S WITHDRAWAL NOTICE TO AN FBI "WITHDRAWAL REQUEST". THE RECORDS PRODUCED SHOW THE FBI SEND A WITHDRAWAL NOTICE (NOT A "REQUEST") TO THE OFFICE OF ENFORCEMENT OPERATIONS ("OEO"). DEFENDANT HAS NOT PRODUCED THE RECORD SHOWING THAT THE SPECIAL OPERATIONS UNIT ("SOU") ON BEHALF OF THE OEO EVER MADE A DETERMINATION ABOUT THE BODYWIRE (OR THE NON-EXISTING FBI "WITHDRAWAL REQUEST"); AND PAGE No.1 WAS CREATED AFTER THE FBI HAD WITHDRAWN ITS REQUEST.

AS SEEN ON PAGE No.1 (EXH. SJ3.2) THE FIELDS "DATE APP'D", "LENGTH OF APPROVAL", "DATE DENIED" AND "REASON FOR DENIAL" ARE ALL LEFT BLANK. HOWEVER "DATE WITHDRAWN" IS NOT BLANK. "WITHDRAWN" IS PAST TENSE AND AS SUCH IT REFERS TO AN ACTION COMPLETED IN THE PAST; THEREFORE AT THE TIME RECORD No.1 WAS PRODUCED THERE WAS NO "FINAL WITHDRAWAL DETERMINATION" PENDING. ALSO, WE SEE THAT PAGE No.1 CONTAINS NO FIELDS SUCH AS "DATE REQUESTED WITHDRAWAL" OR "DATE RECEIVED WITHDRAWAL REQUEST".

-7-

Besides what is observed within the four corners of page no. 1, the record shows the FBI sent OEO/SOU a notice, not a request. Page Nos. 3-4, Exh. SJ 3.2. Page No. 4 is FBI's "withdrawal notice"; it is written using definitive language (id.) because the AUSA and the defense attorney did not approve of the body wire. Page No. 2, Exh. SJ 3.2. Nothing defendant submitted has identified a policy that following such a notice from the FBI, OEO/SOU had a right or responsibility to make a determination on whether to "allow" FBI to withdraw its request (which [request] SOU had not granted to begin with). Further defendant produced no record reflecting that OEO/SOU ever: (1) made a determination in regards to FBI's request to employ the body wire, and (2) "approved" or "denied" FBI's withdrawal notice.

Lastly, it is noted that having the opportunity to defend or support the application of exemption (b)(5) the FBI does not do so: the second Seidel declaration does not present a statement that FBI's withdrawal notice to OEO/SOU was, in fact, a second "request" this time to make a determination whether the FBI "was allowed" to withdraw its pending request for the body wire.

Defendant's application of FOIA exemption (b)(5) is not proper. Plaintiff respectfully requests the court to enter judgment in his favor.

-8-

(2) EXEMPTIONS (b)(6) AND (b)(7)(C).

PLAINTIFF OBJECTS TO THE APPLICATION OF EXEMPTIONS (b)(6) AND (b)(7)(C) TO WITHHOLD NAMES OF ATTORNEYS IN THE EMPLOYMENT OF THE US GOVERNMENT, AND TO WITHHOLD DATES.

AN ATTORNEY FOR THE GOVERNMENT IS SUBJECT TO STATE LAWS AND RULES AND LOCAL FEDERAL COURT RULES GOVERNING ATTORNEYS IN EACH STATE WHERE SUCH ATTORNEY ENGAGES IN THAT ATTORNEY'S DUTIES TO THE SAME EXTENT AND IN THE SAME MANNER AS OTHER ATTORNEYS IN THAT STATE. 28 USC § 530B(a). ATTORNEYS AT THE EMPLOYMENT OF DEFENDANT ARE NOT EXEMPT -- ATTORNEY FOR THE GOVERNMENT MEANS ANY ATTORNEY EMPLOYED IN CRIMINAL DIVISION, THE DEA, THE FBI, etc. SEE 28 CFR 77.2(a). ATTORNEYS ARE MEMBERS OF ATTORNEY BAR ASSOCIATIONS AND ARE SUBJECT TO RULES OF PROFESSIONAL CONDUCT; THEIR BEHAVIOR/ACTIONS MAY BE EVALUATED BY THE BAR ASSOCIATION THEY ARE MEMBERS OF FOLLOWING A COMPLAINT FILED WITH THE BAR. WHETHER TO INITIATE A COMPLAINT WITH A BAR IS A CHOICE OF THE INDIVIDUAL WHO BELIEVES WAS HARMED BY THE ATTORNEY. TO FILE A COMPLAINT WITH A BAR AGAINST AN ATTORNEY ONE MUST KNOW THE NAME OF THE ATTORNEY. THEREFORE BY WITHHOLDING NAMES OF ATTORNEYS USING EXEMPTIONS (b)(6) AND (b)(7)(C) DEFENDANT IMPINGES ON PLAINTIFF'S RIGHT TO BRING A COMPLAINT WITH THE BAR AND SHIELDS THE ATTORNEY FROM THE POSSIBILITY OF FACING SCRUTINY FROM THE BAR IN CONTRAST TO THE OTHER ATTORNEYS IN THAT STATE.

LASTLY, IT APPEARS THAT EXEMPTIONS (b)(6) AND (b)(7)(C) WERE USED TO WITHHOLD DATES ON PAGE NOS. 4,5,8 AND 9. SEE EXH.SJ3.2. IT IS PLAINTIFF'S UNDERSTANDING THAT EXEMPTIONS (b)(6) AND (b)(7)(C) MAY NOT BE USED FOR SUCH REDACTIONS.

(3) EXEMPTION (b)(7)(E).

DEFENDANT HAS REDACTED DATES FROM PAGE Nos. 1, 3, 4, 5, 6, 7, 8, 9 AND [PRESUMABLY] FROM 10-12 USING FOIA EXEMPTION (b)(7)(E). ACCORDING TO THE SECOND SEIDEL DECLARATION THE DATES WITHHELD ARE "THE DATES THE FBI INITIATED THE INVESTIGATION" AND THEIR RELEASE "WOULD INFORM CRIMINALS THE TYPE OF ACTIVITIES THAT WOULD TRIGGER A FULL INVESTIGATION AND THE PARTICULAR DATES [IT] COVERS ... WOULD ALLOW INVESTIGATIVE SUBJECTS TO PREDICT FBI STRATEGIES AND ADJUST THEIR BEHAVIOR. ACCORDINGLY, MOREOVER ... COULD LIKEWISE CAUSE INDIVIDUALS TO ADJUST THEIR CONDUCT TO AVOID INVESTIGATIVE SCRUTINY BY THE FBI". DOC. 93-3 PACER PAGES 12-13, ¶ 23.

IT IS NOT REASONABLE ONE TO EXPECT THAT THE RELEASE OF THE DATES CURRENTLY REDACTED COULD RISK CIRCUMVENTING A LAW SEE 5 USC § (b)(7)(E). PLAINTIFF WAS ARRESTED AND INDICTED IN THE END OF JUNE 2007 FOLLOWING A STATE — NOT A FEDERAL — "INVESTIGATION", AND REMAINS INCARCERATED EVER SINCE. BOTH TRIALS HE WAS SUBJECTED TO, THE ONE HE WAS NOT FOUND GUILTY AND THE ONE HE WAS, WERE IN NOVEMBER 2007; HE WAS SENTENCED IN MARCH 2008. NO CHARGES ARE PENDING AGAINST PLAINTIFF TO SOMEHOW USE IN 2024 DATES -- THE LATEST OF WHICH IS FROM LATE AUGUST 2007 -- TO "PREDICT FBI INVESTIGATIVE STRATEGIES AND ADJUST [HIS] BEHAVIOR [OR] CONDUCT TO AVOID INVESTIGATIVE SCRUTINY BY THE FBI".

PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF ON THIS ISSUE.

— 10 —

(4) RECORDS PAGE Nos. 13-59.

PAGE Nos. 13-59 ARE WITHHELD IN FULL. THE REVISED SUPPLEMENTAL VAUGHN INDEX DESCRIBES PAGE Nos. 13-59 AS A "LAW ENFORCEMENT REPORT PERTAINING TO A THIRD PARTY" (DOC. 93-1 PACER PAGE 35 "PAGE No. 13-59"); AND THE SUPPLEMENTAL VAUGHN INDEX SHOWS THEY ARE AN ATTACHMENT TO AN FBI FACSIMILE TO THE OEO/SOU (DOC. 72-3 PACER PAGE 22 "PAGE 12-59"). THE SECOND SEIDEL DECLARATION "CLARIFIES" PAGE Nos. 13-59 ARE NOT AN FBI BUT A "THIRD PARTY LAW ENFORCEMENT REPORT"; AND THE BUTLER DECLARATION REVEALS THEY "CONTAIN[] SOME OF THE SAME FBI INFORMATION REFLECTED IN [PAGE Nos. 3-12]." DOC. 93-3 PACER PAGE 10 ¶.19; DOC. 93-1 PACER PAGE 7 ¶.26. FINALLY, ACCORDING TO THE BOILERPLATE LANGUAGE IN THE SECOND SEIDEL DECLARATION, PAGE Nos. 13-59 CONTAIN "NO FURTHER NON-EXEMPT INFORMATION THAT CAN BE REASONABLY SEGREGATED AND RELEASED WITHOUT REVEALING EXEMPT INFORMATION". DOC. 93-3 PACER PAGE 15 ¶.28.

DEFENDANT HAS IMPROPERLY WITHHELD INFORMATION. WHAT IS A "THIRD PARTY LAW ENFORCEMENT" REPORT AND WHY IS IT NOT IDENTIFIED? WHAT/WHICH LAW ENFORCEMENT AGENCY IS RESPONSIBLE FOR THIS REPORT? HOW IS THIS REPORT RELATED TO PLAINTIFF? WHY IS THIS REPORT NOT REVIEWED BY THE LAW ENFORCEMENT AGENCY IT ORIGINATED WITH/FROM? WHY ARE 47 PAGES, ie. PAGE Nos. 13-59, WITHHELD IN FULL ALTHOUGH THEY CONTAIN ONLY "SOME OF THE SAME [] INFORMATION REFLECTED IN [] TEN PAGES" OF WHICH SEVEN HAVE BEEN RELEASED IN PART AND ONLY THREE HAVE BEEN WITHHELD IN FULL? SEE DOC. 93-1 PACER PAGE 7 ¶.26 AND DOC. 93-2 PACER PAGES 31-35 "PAGE Nos. 3-12". PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF ON THIS ISSUE.

CONCLUSION.

FOR THE ABOVE MENTIONED REASONS PLAINTIFF RESPECTFULLY REQUESTS ENTRY OF SUMMARY JUDGEMENT IN HIS FAVOR.

SIGNED THIS WEDNESDAY APRIL 3, 2024.

RESPECTFULLY SUBMITTED,

DONATOS SARRAS

DECLARATION AND OATH OF PLAINTIFF

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON WEDNESDAY APRIL 3, 2024, AT USP TUCSON, TUCSON ARIZONA.

DONATOS SARRAS

DECLARATION AND CERTIFICATE OF SERVICE

I, DONATOS SARRAS, DECLARE AND CERTIFY UNDER PENALTY OF PERJURY PER 28 USC §1621 THAT I AM INCARCERATED AND ON THIS 16th DAY OF APRIL, 2024, I DELIVERED THE PRESENT DOCUMENT TO PRISON OFFICIALS WITH CERTIFIED US MAIL POSTAGE PAID BY ME; AND ALSO MAILED A COPY OF IT TO ATTORNEY FOR THE DEFENDANT AUSA PATRICIA McBRIDE AT JUDICIARY CENTER 601 D ST., NW, WASHINGTON DC 20579.

DONATOS SARRAS

-13-