UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONATOS SARRAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-0861 (CRC) |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant, the Department of Justice ("Defendant" or "Department")) respectfully submits this reply in further support of its Renewed Motion for Summary Judgment. In his opposition to Defendant's renewed Motion for Summary Judgment, Plaintiff contends as an initial matter that the redactions of records dated December 2021, February 2022, and April 2022 were inaccurate, thus making Summary Judgment in Defendant's favor inappropriate. Specifically, Plaintiff claims that: (1) the December 2021 records were not paginated, preventing the *Vaughn* Index from providing the necessary reference to which exemptions apply to which redactions; (2) the February 2022 records fail to identify which pages of the records are duplicates, also preventing a proper application of the *Vaughn* Index; and (3) the April 2022 records incorrectly apply numerous Freedom of Information Act ("FOIA") exemptions.

Next, Plaintiff takes aim at the appropriateness of Defendant's withholdings, claiming that Defendant incorrectly relied on Exemptions 6, 7(C), and 7(E) to withhold information on numerous pages of its records pertaining to Plaintiff. Plaintiff argues Exemptions 6 and 7(C) do not apply because the names of attorneys must be made publicly available for the citizenry to reserve their right to bring forward complaints to the Bar Association. Plaintiff claims

Exemption 7(E) does not apply either as the release of dates alone will not reveal the nature of an Federal Bureau of Investigation ("FBI") investigation and what is required for a full investigation to be deemed necessary. Finally, Plaintiff contends that Defendant's redaction of a "Law Enforcement Report pertaining to a third party" is neither properly explained nor identified in any documents provided by Defendant and should therefore be disclosed.

However, this Court has already ruled in Defendant's favor during the first two rounds of briefing. Specifically, and as outlined in Defendant's second motion for summary judgment (*see* ECF No. 93 at 1) the Court found that the Office of Enforcement Operations (the "Office") conducted an adequate search in response to plaintiff's requests (*see* Mem. Op. of Sept. 27, 2023 (ECF No. 82) at 7-13 ("Mem. Op.")), that it properly released a record including an envelope referred to the Department of State (*see* Mem. Op. at 27-28), that the redacted information and records designated as Documents 1, 8, 37, 571, and 572 fall within the deliberative process privilege of Exemption 5 (*see* Mem. Op. at 14-20); and that pursuant to Exemption 6, the Office properly withheld the names and identifying information of lower-level International Prisoner Transfer Unit employees in the records released from December 2021 to December 2022 (*see* Mem. Op. at 20-22).

The Court declined to grant summary judgment in total because of three issues that precluded summary judgment: (1) some of the Office's productions were not paginated and contained fully redacted pages with no claimed exemptions, (2) the Office failed to clarify which documents from its February 2022 release were duplicates of an earlier release, and (3) the government did not adequately explain which documents the FBI reviewed and redacted. Mem. Op. at 22. In its second motion for summary judgment, the Department remedied those areas of concern. *See* 2d Mot. for Summ. J. (ECF No. 93) at 3-9, 13-16.

**ARGUMENT**

In opposition, Plaintiff raises several generic challenges to the sufficiency of Defendant's *Vaughn* index, which provides a detailed explanation of the withholdings at issue. Each of Plaintiff's assertions fail.

**I.     December 2021 Records**

First, Plaintiff argues that Defendant has failed to account for 5,663 missing pages of reports in its subsequent *Vaughn* Index. Opp'n at 3. Plaintiff claims that since Defendant did not include the dates, names of authors and recipients, number of pages in the reports, the titles of the reports, the nature (e.g., weekly, monthly) of the reports, and other similar information, that Defendant must have redacted the information. *Id*. Plaintiff speculates that the supplemental *Vaughn* Index does not correspond to the reports released to Plaintiff because reports released in full were not provided to Plaintiff. *Id*. These issues apply to *Vaughn* Index page numbers 1, 5, 14-18, 20-26, 45-39, 47-54, 56-57, 59-62, 64-91, and 97-100. *Id*. A requester may not rebut agency affidavits with purely speculative allegations. *See Carney v. Dep't of Just.*, 19 F.3d 807, 813 (2d Cir. 1994); *Maynard v. CIA*, 986 F.2d 547, 559-60 (1st Cir. 1993).

Further, Defendant has resolved those issues. Defendant's declaration describes the pagination for the December 22, 2021, interim release. Butler Decl. (ECF No. 93-1) ¶ 11. Thirteen pages were released in full and eighty-seven were released in part to Plaintiff. Specifically, Defendant explained the narrowing agreement with Plaintiff regarding the FOIA and Privacy Act Unit's ("FOIA Unit's") Administrative Reports, specifically that "the Criminal Division processed and produced to Plaintiff all responsive, non-exempt portions of [FOIA Unit] Administrative Reports that pertains to or were about Plaintiff, in response to his" request for Office records. *See* 1st McCoy Decl. (ECF No. 72-1) ¶¶ 20-22. Thus, no pages are missing, but instead, the *Vaughn* Index reflects the portions of reports where the Criminal Division redacted information in part,

3

which is precisely what caselaw requires. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (agencies must specify in detail which portions of a document it has withheld, and to correlate each withheld document (or portion thereof) with a specific FOIA exemption and the relevant part of the agency's nondisclosure justification).

## II.     February 2022 Records

As to the February 2022 records, Plaintiff appears to allege that Defendant did not justify its withholdings in these records under FOIA Exemption 5. Opp'n at 4. Plaintiff also claims that the "identity" of some of the duplicate pages remain in question. *Id*. In these claims, Plaintiff appears to be re-litigating an issue previously ruled upon by the Court. Specifically, the Court held that these documents (i.e. those referred to Bureau of Prisons ("BOP") by the Criminal Division), fell within the deliberative process privilege and granted the government's motion for summary judgment as to the Exemption 5 withholdings of those documents for the BOP. *See* Mem. Op. (ECF No. 44) at 15-19.

## III.    April 2022 Records

In his Opposition, Plaintiff also objects to the application of Exemptions 6, 7(C), and 7(E) to the records in the April 18, 2022, interim release. Opp'n at 5-10. But once again the Court already granted summary judgment to Defendant in these areas. Specifically, the Court granted summary judgment regarding Exemption 6 relating to the Office's withholding the names and identifying information of International Prisoner Transfer Unit employees. *Id*. at 22. Plaintiff also opposes Defendant's application of Exemptions 6 and 7(C) to withhold the names of attorneys in the government and dates. *See* Opp'n at 9. However, the Court also granted summary judgment to the Defendant regarding OEO's withholding the names and identifying information of these IPTU employees. *See* ECF No. 87 - Mem. Op. at 21-22. The Court reasoned that disclosure would compromise the IPTU employees' substantial privacy interest and could subject them to

4

harassment and unwanted publicity as outlined in the Jones Declaration and therefore found that IEO properly withheld the names and identifying information of lower-level employees in the records released from December 2021 to December 2022. *Id*. at 21.

## IV. Defendant Properly Withheld a Third-Party Law Enforcement Record in Full

Plaintiff has also challenged Defendant's withholding of a third-party law enforcement report in full. Opp'n at 11. This document is a third-party record and there is nothing that can be segregated. *See* Butler Decl. (ECF No. 93-1) ¶ 29; Seidel Decl. (ECF No. 93-3) ¶ 27. The information was withheld in full. *Id*. The pages were re-labled in response to the Court's September 27, 2023, Memorandum Opinion. Butler Decl. (ECF No. 93-1) ¶¶ 25–26. The updated *Vaughn* Index sufficiently describes the information withheld, by the Criminal Division and the FBI. *See generally* Updated Vaughn Index (ECF No. 93-1). Specifically, that the withheld information includes names, demographic information, and other identifying information of third parties. *Id*

## V. Defendant Properly Withheld the Names of Government Attorneys

Plaintiff also opposes Defendant's application of Exemptions 6 and 7(C) to withhold the names of attorneys in the government and dates. *See* Opp'n at 9. However, the Court has already granted summary judgment to Defendant. *See* Mem. Op. (ECF No. 87) at 13. Specifically, the Court held that Defendant properly withheld the names and identifying information of International Prisoner Transfer Unit employees under Exemption 6. *Id*. at 22. First, disclosure would compromise the International Prisoner Transfer Unit employees' substantial privacy interest. As the Office explained, the International Prisoner Transfer Unit employees are responsible for "reviewing the details of [] treaty transfer files and making recommendations . . . [about] whether an individual should complete his or her sentence in the United States." Jones

Decl. ¶ 33. As a result, the release of the employees' personal information "could subject them to harassment and unwanted publicity." First McCoy Decl. ¶ 60.

Given the International Prisoner Transfer Unit staff's "sensitive law enforcement duties," (*id*. ¶ 65), they face more than the "remote possibility of harassment," *Kleinert v. Bureau of Land Mgmt.*, 132 F. Supp. 3d 79, 97 (D.D.C. 2015); *see Nova Oculus Partners, LLC v. SEC*, 486 F. Supp. 3d 280, 290 (D.D.C. 2020) (agency properly invoked Exemption 6 to withhold identifying information about the staff involved in processing a FOIA request); *Jackson v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 17-2208 (TNM), 2019 WL 1046295, at *3 (D.D.C. Mar. 5, 2019) (Exemption 6 protected the name of a United States Attorney's Office employee when disclosure would have been to a federal inmate); *Pinson v. Dep't of Justice*, 313 F. Supp. 3d 88, 112 (D.D.C. 2018) (Exemption 6 protected BOP employees' telephone numbers because the individuals might be subject to harassment); *see also* Seidel Decl. (ECF No. 93-3) ¶ 21 (explaining that the FBI withheld the names of non-FBI federal government personnel because "it is possible for a person targeted by law enforcement to carry a grudge which may last for years, and to seek revenge on the personnel involved in a particular investigation").

Second, the International Prisoner Transfer Unit employees' privacy interests outweigh the public's need to learn their names. The employees are "non-public-facing employees" and "do not hold leadership positions." First McCoy Decl. ¶ 61. *See Vosburgh v. IRS*, Civ. A. No. 93-1493, 1994 WL 564699, at *4 (D. Or. July 5, 1994), *aff'd*, 106 F.3d 411 (9th Cir. 1997) ("In general, public disclosure of the identities of low-level employees does not significantly shed light on the activities or operations of the government."). And the Office did release the names of employees who serve in a supervisory capacity or hold leadership positions. 1st McCoy Decl. ¶ 55; *cf. Kleinert*, 132 F. Supp. 3d at 97 (Exemption 6 redactions were improper since the agency had

"categorical[ly] redact[ed] [] all its employees' names and email addresses"). The Court, therefore, found that the Office properly withheld the names and identifying information of lower-level International Prisoner Transfer Unit employees in the records released from December 2021 to December 2022. *See* Mem. Op. (ECF No. 87) at 21-22.

**VI.     Exemption 7(E)**

Defendant applied Exemption 7(E) to specific dates because the release of those dates reflecting when the FBI initiated its investigation into Plaintiff would inform criminals on the types of activities that would warrant a full investigation, therefore allowing them to adjust their conduct to better conceal potential criminality. *Id*. at 10. Plaintiff argues that the disclosure of the dates themselves would reveal nothing of the sort, that the dates do not portray or demonstrate what is occurring that warranted an intensive investigation, just when said events began occurring. *Id*. Plaintiff believes disclosure of the dates will result in no potential or foreseeable harm to the FBI or to Defendant, and therefore the applied exemption is inappropriate. *Id*. Using dates to circumvent the law is not a reasonable belief, in Plaintiff's view. *Id.* Plaintiff also argues that Exemptions 6 and 7(C) cannot be used to redact information such as dates.[1] *Id*.

However, the Court previously found that the government properly applied Exemption to the documents released after its original searches. See ECF No. 87 - Mem. Op. at 23 n.14. As outlined in Defendant's renewed motion for summary judgment (*see* ECF No. 72 at 40-41) the FBI properly asserted Exemption 7(E) to withhold information pertaining to the investigative focus of a specific investigation, the types and date of an investigation, sensitive investigative file

---

[1]     On June 6, 2024, the Criminal Division FOIA Unit sent the Plaintiff, via certified mail, a corrected copy of the following pages: April 18, 2022 – Interim Response Page Nos. 4, 5, 8 and 9, which only reflects Exemption 7(E) markings for the dates. *See* 2d Butler Decl., enclosed herewith.

numbers, and FBI secure fax numbers and internal phone numbers.  *See* ECF No. 73-1 - Seidel Decl. ¶¶ 30-39.  Because the records at issue were compiled for law enforcement purposes, the government met the threshold requirements under FOIA Exemption 7.  *See* 5 U.S.C. § 552(b)(7); Seidel Decl. ¶ 11.

*   *   *

## CONCLUSION

For these reasons, and those in Defendant's opening brief, Defendant respectfully requests that summary judgment be granted in its favor.

Dated: June 28, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Patricia K. McBride*
 PATRICIA K. MCBRIDE
 Assistant United States Attorney
 601 D Street, NW
 Washington, DC 20530
 (202) 252-7123

*Attorneys for the United States of America*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of July 2024, the foregoing will be served on Plaintiff by certified mail and addressed as follows:

DONATOS SARRAS R24190-038
26739-018 Tucson United States Penitentiary
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ 85734